UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Derrick D. Hentschel

    v.                                Case No. 15-cv-215-SM

Rockingham County
Department of Corrections

**REPORT AND RECOMMENDATION**

    Before the court is plaintiff Derrick D. Hentschel's original complaint (doc. no. 1) and four complaint addenda (doc. nos. 3, 8, 9, and 11), alleging violations of his rights under the federal constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and state law.  The matter is before this court for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Standard**

    For the purposes of this court's preliminary review of prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

Hentschel has been an inmate at the Rockingham County Department of Corrections ("RCDC") since April 2015. Hentschel alleges that during his initial intake at the RCDC, he provided that facility with information regarding his previous medical diagnoses, a severe knee injury and scoliosis spinal injury, as well as his psychiatric diagnoses, post-traumatic stress disorder, antisocial personality disorder, attention deficit hyperactivity disorder, and oppositional defiant disorder. Hentschel also signed releases to allow RCDC medical providers to obtain his prior medical and mental health information, as he had, prior to his incarceration, been receiving medical and orthopedic care for his knee injury, and treatment for his mental illnesses. Hentschel also states that he reinjured his knee early in his RCDC incarceration.

Hentschel asserts that despite repeated requests, he has received no mental health care while at RCDC. The complaint details substantial efforts by RCDC medical care providers to treat or diagnose his knee. Apart from Hentschel's assertion that he has not received adequate treatment for his spinal condition or mental illness, the complaint fails to provide any details regarding either the requests he has made to obtain treatment, or the nature of the treatment he has received for

2

those conditions, if any.

## Discussion

I.  Inadequate Medical Care

    A.  Standard

The First Circuit has held that to assert either a Fourteenth Amendment or an Eighth Amendment claim based on inadequate medical care, a plaintiff must establish that the deprivation was, objectively, "sufficiently serious," and must also show that, "[s]ubjectively, . . . prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2015) (internal quotation marks and citations omitted); Ruiz–Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007).[1]

---

[1] The complaint does not make clear whether Hentschel was a pretrial detainee protected by the Fourteenth Amendment's Due Process Clause, or a sentenced inmate protected by the Eighth Amendment's prohibition of cruel and unusual punishment, at the time of the events giving rise to this action. The First Circuit cases cited herein for the proposition that the Eighth and Fourteenth Amendment standards are the same all predate the Supreme Court's April 27, 2015, decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015). "After Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause," or whether an objective reasonableness standard should apply. Johnson v. Clafton, No. 13-14922, 2015 WL 5729080, at *4, 2015 U.S. Dist. LEXIS 132318,

"'To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk.'" Penn v. Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted), cert. dismissed, 135 S. Ct. 1732 (2015). Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, 135 S. Ct. 2059 (2015).

B. Knee Injury

Here, Hentschel's complaints concerning his medical care for his knee amount to a dissatisfaction with the choice of treatment made by the RCDC providers. Hentschel acknowledges that he has been examined and provided with treatment. These assertions undermine any assertion that any individual at the RCDC medical department was deliberately indifferent to his medical needs. Accordingly, the federal constitutional claims concerning treatment for Hentschel's knee injury should be

---

at \*11–\*12 (E.D. Mich. Sept. 30, 2015). This court declines to resolve that issue at this time, absent full briefing and a defendant's participation in this action.

dismissed. The court should also decline to exercise its supplemental jurisdiction, see 28 U.S.C. § 1367, and dismiss the related state law claims asserted with respect to plaintiff's knee, without prejudice to his ability to litigate in state court the question of whether his medical treatment at the RCDC for his knee violated his rights under state law.

    C.   Spinal Injury and Mental Health

Hentschel complains that he received inadequate treatment for his spinal injury and mental health conditions. Hentschel has failed to elaborate, however, on what act or omission by any individual at the RCDC, violated his rights. Accordingly, in the Order issued simultaneously with this Report and Recommendation ("Simultaneous Order"), the court grants Hentschel leave to amend those claims to add additional specific information to the complaint to assert a claim upon which relief might be granted.

II.  ADA Claim

    Title II of the ADA provides, in pertinent part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

Hentschel asserts that because of his disabling knee injury, he is not able to go outside to utilize the recreation yard, to which all nondisabled inmates have access, as there is no ramp access or other means of going to the recreation yard that he can utilize.  Hentschel has requested that his disability be accommodated to allow him to go outside, but he has not received any such accommodation.

The facts alleged in the complaint concerning the denial of access to the recreation yard are sufficient to allow a Title II official capacity claim to proceed against the RCDC.  Accordingly, in the Simultaneous Order, the court orders service of the complaint, with regard to the ADA claim, upon the RCDC.

### Conclusion

For the foregoing reasons, the District Judge should dismiss Hentschel's federal and state law claims alleging a denial of adequate medical care for his knee without prejudice to Hentschel's ability to litigate his state law claims in state court.  In the Order issued on this date, the court directs Hentschel to amend his Eighth Amendment spinal condition claim and mental health care claim, and directs service of the ADA claim on the RCDC.

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                            /s/ Andrea K. Johnstone
                                            Andrea K. Johnstone
                                            United States Magistrate Judge

November 20, 2015

cc:   Derrick D. Hentschel, pro se