```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Derrick D. Hentschel

   v.                                      Civil No. 15-cv-215-SM

Rockingham County Department of
Corrections

## REPORT AND RECOMMENDATION

Before the court is plaintiff Derrick D. Hentschel's "Amendment to Motion for Punitive Damages; and Motion to Compel Tort Claim" (doc. no. 25), attachments thereto (doc. nos. 25-1 to 25-25); and "Brief Memorandum" (doc. no. 27). These documents have been referred to this magistrate judge for preliminary review, pursuant to LR 4.3(d)(1).

## Background

On November 20, 2015, after conducting an initial preliminary review of Hentschel's complaint documents (doc. nos. 1, 3, 8, 9, and 11), this court issued a Report and Recommendation (doc. no. 13) (the "November 20 R&R") and Order (doc. no. 14) (the "November 20 Order"). In the November 20 R&R, the court recommended dismissal of Hentschel's claim that defendants had failed to provide him with adequate medical care

for his knee problems.  The district judge approved the November 20 R&R on December 9, 2015, see Order (doc. no. 20), and dismissed Hentschel's claims related to medical care for his knee.  In the November 20 Order, the court directed service of a claim under the Americans with Disabilities Act ("ADA"), and directed Hentschel to amend his complaint to supply additional facts, and to name defendants, in regard to his claims of inadequate medical care for his spine problems and pain, and inadequate mental health care.  Construing the documents before the court (doc. nos. 25 and 27) as complaint addenda filed in response to the November 20 Order, the court preliminary reviews those documents.[1]

## Discussion

I. **Fourteenth Amendment Claims**

A pretrial detainee's right to adequate medical or mental health care during his incarceration arises under the Fourteenth Amendment's Due Process Clause.  See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005).  In order to state a constitutional claim for the denial of mental health care, or other medical

---

[1] In conducting preliminary review, the court applies the same standard set forth in the November 20 R&R.

care, an inmate must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (internal quotations and citation omitted); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (plaintiff's claim of constitutional violation must meet both objective and subjective criteria).

In the complaint addenda before the court (doc. nos. 25 and 27), Hentschel reasserts claims, in greater detail than he has previously, alleging that the medical care he received for his knee and spine at the Rockingham County House of Corrections ("RCHC") was constitutionally inadequate. Hentschel also states that he has been diagnosed with significant mental illness, and that RCHC personnel are aware of his mental health diagnoses.

As stated in the November 20 R&R, deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, 135 S. Ct. 2059 (2015). The court finds that Hentschel has failed to state claims alleging that he was denied medical or mental health care by any individual who was aware of his serious need for that

3

care and, disregarding that knowledge, failed to provide him with care. Hentschel's disagreements with RCHC providers' choice of treatment do not form the basis of a constitutional claim upon which relief might be granted.

## II. State Law Claims

In his complaint addenda (doc. nos. 25 and 27), Hentschel asserts state law claims concerning the denial of adequate medical or mental health care, based on the facts set forth in support of his constitutional claims. This court should decline to exercise its supplemental jurisdiction, see 28 U.S.C. § 1367, over those claims, and should dismiss them without prejudice to Hentschel's ability to raise them in an action in state court.

## Conclusion

For the foregoing reasons, the District Judge should dismiss Hentschel's federal and state law claims alleging denial of adequate medical care for his knee and spine, and the denial of adequate mental health care, without prejudice to Hentschel's ability to litigate his state law claims in state court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

January 26, 2016

cc:   Derrick D. Hentschel, pro se
       Corey M. Belobrow, Esq.